UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Marathon Petroleum Co. LP,                                    Case No.  3:14-cv-2431

             Plaintiff,

    v.                                                                     MEMORANDUM OPINION
                                            AND ORDER

Bulk Petroleum Corp., *et al.*,

             Defendants.

## I.     INTRODUCTION

Plaintiff Marathon Petroleum Co. LP has filed a motion for summary judgment as to the amount of damages it is entitled to as a Termination Remedy arising from Defendant Bulk Petroleum Corporation's breach of the parties' Third Amendment to the Master Improvement Agreement ("Third Amended MIA"), (Doc. No. 185), as well as a motion for leave to file its summary judgment motion after the dispositive motion deadline.  (Doc. No. 186).  Defendants Bulk, Darshan Dhaliwal, and Debbie Dhaliwal have filed briefs in opposition to Marathon's motions.  (Doc. Nos. 189 and 192).  Marathon filed reply briefs in support of both motions.  (Doc. No. 190 and 193).  For the reasons stated below, Marathon's motions are granted.

## II.     BACKGROUND

Marathon and Bulk are parties to several contracts which involve the provision of gasoline by Marathon to Bulk, a franchise relationship between Marathon and Bulk, and related matters. Darshan is Bulk's President, and the Dhaliwals personally guaranteed payments Bulk owed to

Marathon. The facts underlying this litigation are more fully set out in my initial opinion ruling on the parties' summary judgment motions. (*See* Doc. No. 160 at 1-4). I incorporate my discussion of the factual and procedural history by reference.

I previously granted Marathon summary judgment on Bulk's first counterclaim, its second counterclaim alleging breach for filing this lawsuit and anticipatory repudiation of the 2012 Product Supply Agreement, its third and fourth counterclaims, its fifth counterclaim with respect to the 2009 Product Supply Agreement, its sixth counterclaim, its seventh counterclaim with respect to the Third Amended MIA, its eighth counterclaim, and its ninth counterclaim. (Doc. No. 160).

Marathon then filed a motion for reconsideration regarding my denial of its summary judgment motion as to some of the parties' other claims. After reviewing the parties' briefing and my earlier decision, I granted the motion and entered summary judgment in Marathon's favor on Counts II and III of Marathon's complaint, on Bulk's fifth counterclaim with respect to the Third Amended MIA, and on Bulk's seventh counterclaim with respect to the 2009 Product Supply Agreement. (Doc. No. 175).

Marathon now seeks an order entering judgment in its favor as to the amount of damages to which it is entitled as a result of my ruling on Count II, Marathon's claim that Bulk breached the Master Improvement Agreement and its Amendments. (Doc. No. 185).

### III.    MOTION FOR LEAVE

Under Rule 16(b), a district court must issue a scheduling order limiting, among other things, the time to amend the pleadings. Fed. R. Civ. P. 16(b)(3). The scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether good cause exists to modify a scheduling order, a court should consider "the diligence of the party seeking the extension" and "whether the opposing party will suffer prejudice." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

Defendants argue they would suffer prejudice if I granted Marathon's motion for leave because, in their view, the motion for summary judgment is effectively another motion for reconsideration.  (Doc. No. 189 at 3-4).  Defendants contend it would be unreasonable to grant Marathon leave to move for entry of damages as to the Termination Remedy because I declined to enter a damages award on two prior occasions.  (*Id.* at 3).  Though this statement is factually true, it requires further context.

I initially declined to award damages because I ruled Marathon was not entitled to summary judgment on Count II.  (Doc. No. 160 at 40).  Then, I declined to enter a damages award as to the Termination Remedy because the parties' reconsideration briefing did not fully explore that issue.  (*See* Doc. No. 175 at 7).  I did not rule Marathon was not entitled to damages; instead, I stated only that I would not "assess damages. . . in [that] opinion."  (*Id.*).  I am not persuaded by Defendants' argument that Marathon's summary judgment motion is in fact a motion for reconsideration.

Defendants also contend Marathon did not act diligently in bringing its motions.  (Doc. No. 189 at 4).  But the timing of these motions must be viewed in light of the unusual circumstances surrounding this case.  As Marathon notes, my former colleague and predecessor on this case, Judge David A. Katz, set the dispositive motion deadline for February 19, 2016, before extending it to February 26, 2016.  (Doc. Nos. 53 and 68).  Judge Katz passed away on July 26, 2016, and the case was reassigned to me on August 11, 2016.  (Doc. No. 151).  The parties filed their summary judgment motions on that date, and I issued my ruling on those motions on January 28, 2018.  Marathon moved for reconsideration of a portion of that ruling on February 16, 2018, and I entered a Memorandum Opinion and Order granting Marathon's motion on October 28, 2019.

At that point, the parties indicated they were willing to discuss potential settlement of the case with then-Magistrate Judge James R Knepp, II.  But the settlement conference, set for March 16, 2020, was upended by the onset of the Covid-19 pandemic.  The parties discussed the possibility

of conducting a settlement conference via Zoom before agreeing to an in-person conference in

August 2020.  That conference was rescheduled due to a scheduling conflict before being vacated at

the request of counsel.  After Judge Knepp was confirmed as a District Judge in November 2020,

the referral was terminated.  The parties discussed various discovery-related matters among

themselves, (*see* Doc. Nos. 183 and 184), before Marathon filed its pending motions.

The parties' attempts to resolve this case, while unsuccessful to this point, sought to

responsibly manage the resources of the parties and of this Court, and I appreciate their efforts.  But

those settlement efforts necessarily led to a delay in the resolution of the Termination Remedy issue.

I conclude Marathon acted diligently in bringing its summary judgment motion regarding the

Termination Remedy shortly after the parties' efforts to resolve that issue themselves broke down.

Further, I conclude Defendants have not shown they would suffer prejudice if I grant Marathon

leave to file its motion.  Therefore, I grant Marathon's motion for leave.  (Doc. No. 186).

## IV.    MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of

material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare

Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's

favor.  *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014).  A factual dispute is

genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A disputed fact is material only if its

resolution might affect the outcome of the case under the governing substantive law.  *Rogers v.

O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

The Third Amended MIA provides:

Upon the occurrence of any Termination Event, [Marathon] shall have the right . . .
to . . . receive from BULK without prior demand that sum . . . equal to the sum of:

4

> (A) the unamortized principal balance of the Total Investment on the date
> the Termination Event occurs, plus liquidated damages equal to fifty percent
> (50%) of the then remaining unamortized principal balance of the Total
> Investment . . . .

(Doc. No. 2-1 at 36).  The "Total Investment" is defined as $5,137,071.00.  (*Id.* at 30).  Under the terms of the parties' agreement, the balance of the Total Investment would not begin to amortize until November 2013.  (*Id.* at 31).

A Termination Event occurred in November 2011, when Bulk failed to fulfill its obligations under Section 12 of the Third Amended MIA, which required Bulk to bring its retail outlets into compliance by the November 30, 2011 deadline stated in that Section.  (Doc. No. 175 at 4).  Further, I already concluded the liquidated damages provision in the Third Amendment MIA is enforceable.  (Doc. No. 160 at 46).  Thus, as Marathon argues, there remains no question of fact or law as to the amount of damages Marathon is entitled to as a Termination Remedy.  (*See* Doc. No. 185 at 12-15).

Defendants contend there was a mistake of fact with regard to the actual amount of Marathon's total investment and therefore, Bulk has a viable affirmative defense under the doctrines of mutual and unilateral mistake regarding the amount of the Termination Remedy.  (Doc. No. 192).  Defendants' argument is not persuasive.

The alleged facts underlying this argument are the same as those underlying Defendants' duress, lack of consideration, unconscionability, and misrepresentation affirmative defenses.  (*See* Doc. No. 137; Doc. No. 160 at 12-20).  I already have ruled Bulk had an opportunity to raise these alleged facts during the bankruptcy proceedings and that they should have been litigated in that forum.  (Doc. No. 160 at 19).  Bulk did not do so.

Therefore, like its other defenses, Defendants' mistake affirmative defense is barred by the doctrine of res judicata.  *Browning v. Levy*, 283 F.3d 761, 772 (6th Cir. 2002) (A bankruptcy court's confirmation of a reorganization plan "has the effect of a judgment by the district court and res

judicata principles bar relitigation of any issues raised or that could have been raised in the confirmation proceedings.") (further citation omitted).

I conclude Marathon is entitled to judgment as a matter of law as to the amount of the Termination Remedy applicable to Count II, and I award Marathon damages in the amount of $7,702,606.50.[1]

## V.     CONCLUSION

For the reasons stated above, I grant Marathon's motion for leave, (Doc. No. 186), and its motion for partial summary judgment.  (Doc. No. 185).  The parties shall file a joint status report with proposed next steps within 30 days of the date of this Memorandum Opinion and Order.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

[1]  $5,135,071 (the "Total Investment") + (50% (the liquidated damages assessment) x $5,135,071) = $7,702,606.50 (the "Termination Remedy").  (*See* Doc. No. 2-1 at 30-31, 36).